DANIEL J. SCHACHT, #259717
dschacht@donahue.com
ANDREW S. MACKAY, #197074
amackay@donahue.com
JONATHAN MCNEIL WONG, #112224
jmwong@donahue.com
DANIEL H. SENTER, #271626
dsenter@donahue.comd
DONAHUE FITZGERALD LLP
Attorneys at Law
1999 Harrison Street 25th Floor
Oakland, California 94612-3520
Telephone: (510) 451-3300
Facsimile: (510) 451-1527

Attorneys for Plaintiff
WIXEN MUSIC PUBLISHING, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WIXEN MUSIC PUBLISHING, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>SPOTIFY USA INC.,<br><br>  Defendant. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT    CASE NO.

Plaintiff Wixen Music Publishing, Inc. ("**Wixen**") hereby complains and alleges against defendant Spotify USA Inc. ("**Defendant**" or "**Spotify**") as follows:

## NATURE OF THE ACTION

1. Wixen brings this action against Spotify for willfully infringing the copyrights in the musical compositions listed in Exhibit A (each a "**Work**" and collectively the "**Works**"). Wixen is an independent music publisher and exclusive licensee of the Works, all of which have either been registered or are pending registration with the United States Copyright Office. Spotify is the world's most dominant music streaming and limited downloading service. As Spotify has publicly admitted, and as recent lawsuits and settlements confirm, Spotify has repeatedly failed to obtain necessary statutory, or "mechanical," licenses to reproduce and/or distribute musical compositions on its service. Consequently, while Spotify has become a multibillion dollar company, songwriters and their publishers, such as Wixen, have not been able to fairly and rightfully share in Spotify's success, as Spotify has in many cases used their music without a license and without compensation.

2. A recent proposed settlement involving rights holders and Spotify in the class action lawsuit *Ferrick et al. v. Spotify USA Inc. et al.*, No. 1:16-cv-8412 (AJN) (S.D.N.Y.) (Dkt. # 167-3 ("**Proposed Settlement**")) does not adequately compensate Wixen or the songwriters it represents. Wixen has and, to the extent not yet effected, will opt out the Works from the Proposed Settlement.

## PARTIES

3. Wixen is a California corporation with its principal place of business at 24025 Park Sorrento, Suite 130, Calabasas, CA 91302. Each of the compositions identified in Exhibit A have either been registered with the United States Copyright Office or an application for copyright registration has been filed with the United States Copyright Office. Wixen has standing to bring this action for copyright infringement because it is the exclusive licensee of the Works. Wixen has the

exclusive rights to sign agreements, collect royalties, receive monies, issue licenses, pay royalties, register copyrights, and otherwise interact and assert rights on behalf of each songwriter with or against publishing companies, performing and/or mechanical rights societies, and musical service companies such as Spotify.

4. Defendant Spotify USA Inc. is a Delaware corporation with its principal place of business at 45 W. 18th Street, 7th Floor, New York, New York 10011. Spotify maintains a corporate office in Los Angeles, California, located at 9200 Sunset Boulevard, Los Angeles, California 90069.

## JURISDICTION

5. This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338 because the claims herein arise under federal copyright law (17 U.S.C. § 101, *et seq.*) (the "**Copyright Act**").

6. Spotify is subject to this Court's personal jurisdiction because Spotify has continuous and systematic contacts within the Central District of California, which include, without limitation:

(a) Spotify is qualified to do business in California and is registered as a foreign corporation with the California Secretary of State.

(b) Spotify has a designated agent for service of process in Los Angeles: National Registered Agents, Inc., with an address of 818 W. Seventh St., Ste 930, Los Angeles, CA 90017.

(c) Spotify maintains a strong presence in California, including two corporate offices – one in San Francisco and one in Los Angeles – where it employs California residents.

(d) Spotify actively does business in California, as evidenced by its (i) subscribers and users in California, which Spotify actively reaches out to through, at a minimum, its website (www.spotify.com); (ii) contracts and other transactions that it has entered in California; (iii) revenue generated from California residents and businesses in connection with its service; and (iv) advertisements that

1  target California residents, including those in Los Angeles.

2  (e) Spotify has purposefully availed itself of California law and
3  could and did reasonably anticipate being brought into this Court because, among
4  other reasons, Spotify (i) has knowingly, intentionally, and repeatedly reproduced
5  and/or distributed the Works over the Internet to California residents via its services;
6  (ii) knew or should have known that the harm caused by its repeated unlicensed
7  reproduction and distribution of the Works over the Internet was aimed at
8  songwriters and music publishers, including Wixen and the songwriters it
9  represents, who control compositions and reside in or near Los Angeles County,
10  California, a global hub of the music industry; and (iii) knew or should have known
11  that Wixen, an industry leading music publisher for nearly 40 years, would suffer,
12  and in fact did suffer, the brunt of the harm caused by Spotify's unauthorized acts at
13  Wixen's principal place of business in Calabasas, Los Angeles County, California,
14  which is in the Western Division of the Central District of California.

15  (f) Spotify's "Terms and Conditions of Use" Agreement, effective
16  as of July 6, 2017, specifies California as the choice of law for all disputes with its
17  users in the United States and specifies that jurisdiction for any dispute, claim, or
18  controversy is the Northern District of California.

19  (g) The "Spotify Developer Terms of Use" Agreement, effective as
20  of November 22, 2017, specifies California as the choice of law for all disputes
21  with its third-party developers and requires any dispute, claim, or controversy to be
22  resolved in state or federal courts in San Francisco County, California.

23  (h) In 2013, in an attempt to invoke the provisions of the Class
24  Action Fairness Act (CAFA) for the removal of an action filed against it in
25  California, Spotify relied on its extensive contacts with California and its residents,
26  including a declaration that those residents in 2013 had spent more than $15 million
27  for subscriptions to Spotify's paid Premium service. *Bleak v. Spotify USA, Inc.*,
28  Case No. CV 13-5653-CRB (N.D. Cal. 2013), Dkt. 2 at ¶ 7 (Declaration of Göran

Sander, analyst in Spotify's Analytics teams).

(i) Spotify has sought to transfer cases to California on the grounds that it is a more convenient forum. *See, e.g., iMTX Strategic, LLC, v. Spotify USA, Inc.*, Case No. CV 1:14-325-GMS (D. Del. 2014) Dkt. 12 (Spotify's motion to transfer venue to the Northern District of California).

(j) Spotify previously admitted in other federal filings that personal jurisdiction is proper in California. *See, e.g., PacketVideo Corp v. Spotify USA Inc., et. al*, Case No. CV 11-1659-IEG-WMC (S.D. Cal. 2011) Dkt. 14 (Spotify's Answer) at ¶ 9 ("Defendants do not dispute that this Court has personal jurisdiction over Spotify USA, Inc. and Spotify Limited.").

## VENUE

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Spotify is subject to personal jurisdiction in this District and because a substantial part of the acts of infringement complained of herein occurs or has occurred in this District.

8. This case is properly filed in the Western Division, as a substantial part of events giving rise to this case occurred in the Western Division.

## FACTS

9. Wixen is an independent music publisher that was formed in 1978 by Randall Wixen. Wixen administers more than 50,000 songs written and/or owned by its more than 2,000 clients, including songs by some of the most popular and acclaimed musical artists of the last 100 years.

10. Wixen is the exclusive licensee of thousands of musical compositions, the Works. Wixen administers these compositions for its clients, with the goal of enhancing the value of the compositions through licensing while simultaneously preserving their integrity. Wixen has the exclusive right to conduct all administration activities with respect to these musical compositions, including registering them with performing rights organizations, filing copyright applications

1  with the United States Copyright Office, negotiating and issuing licenses (including
2  mechanical licenses), collecting royalties, and filing lawsuits for copyright
3  infringement.
4        11.  Spotify is principally accessed at https://www.spotify.com/us/ and via
5  its app. It offers interactive music streaming and/or limited music downloading via
6  a free ad-supported option and various paid, ad-free options (collectively, the
7  "**Service**").
8        12.  The Works exclusively licensed to Wixen have been streamed and/or
9  downloaded billions of times through Spotify's Service.
10       13.  Spotify launched in the United States on or about July 14, 2011, and
11 since that time has grown to over 140 million active users, 60 million subscribers,
12 obtained over $1 billion in private equity, and achieved a valuation in excess of $8
13 billion. In 2016 alone, Spotify brought in just under $3.3 billion in revenue. Spotify
14 achieved this growth through amassing a vast music library of over 30 million
15 popular songs from all genres and types of artists. However, Spotify took a short
16 cut. In 2011, Spotify faced a choice to either obtain all the required rights to the
17 songs and significantly delay its U.S. launch, or move forward without proper
18 licenses and face the legal ramifications later. Prior to launch, Spotify struck deals
19 with major record labels to obtain the necessary rights to the sound recording
20 copyrights in the songs by offering the major labels, in many cases, equity stake in
21 Spotify. But Spotify failed to properly obtain the equivalent rights for the
22 compositions. As a result, Spotify has built a billion dollar business on the backs of
23 songwriters and publishers whose music Spotify is using, in many cases without
24 obtaining and paying for the necessary licenses.
25       14.  Under the Copyright Act, there are two separate copyrights in every
26 recorded song: one in the sound recording (i.e. the recorded sound or "master
27 recording"), and one in the musical composition (i.e. the words and musical
28 notation). 17 U.S.C. § 102(2), (7).

15. To legally reproduce and/or distribute the songs on its Service, Spotify must obtain both a license for the sound recording and for the musical composition. In Spotify's 2014 comments before the United States Copyright Office, it acknowledged that these licenses are required: "To operate the Spotify Service, Spotify needs to secure multiple rights from multiple copyright owners. These rights include, among others, the right to reproduce sound recordings and the musical works embodied therein, the right to distribute sound recordings and the musical works embodied therein . . . ." Comments of Spotify USA Inc., to USCO (May 23, 2014), at https://www.copyright.gov/policy/musiclicensingstudy/comments/Docket2014_3/Spotify_USA_Inc_MLS_2014.pdf (last accessed Dec. 27, 2017).

16. The sound recording license generates revenue for the owner of the sound recording, which is typically an artist's record label. The license to reproduce and distribute the musical composition (the "mechanical license") generates revenue for the composition owner(s), which are typically songwriters and their music publishers.

17. To obtain the necessary mechanical licenses, Spotify could have either directly negotiated with Wixen or sought compulsory licenses under 17 U.S.C. §115.

18. In order to obtain a compulsory license, a licensee, such as Spotify, is required to send a notice of intent to use a musical composition ("NOI") to a copyright owner "before or within thirty days after making, and before distributing any phonorecords of the work." 17 U.S.C. §115(b)(1). If the name and address of the copyright owner is not known, the licensee is required to file the NOI in the Copyright Office. The failure to timely file or serve an NOI "forecloses the possibility of a compulsory license and, in the absence of a negotiated license, renders the making and distribution of phonorecords actionable as acts of infringement." 17 U.S.C. §115(b)(2).

19. Prior to launching in the United States, Spotify attempted to license sound recordings by working with record labels but, in a race to be first to market, made insufficient efforts to collect the required musical composition information and, in turn, failed in many cases to license the compositions embodied within each recording or comply with the requirements of Section 115 of the Copyright Act.

20. Either a direct license from Wixen or a compulsory license would have permitted Spotify to reproduce and/or distribute the Works as part of the Service, including by means of digital phonorecord deliveries ("DPDs"), interactive streaming, and limited downloads. But Spotify failed to obtain either license type.

21. Instead, upon information and belief, Spotify outsourced its responsibility to a third party, the Harry Fox Agency ("HFA"). HFA is a provider of licensing and royalty services, and it was ill-equipped to obtain all the necessary mechanical licenses. Upon information and belief, Spotify knew that HFA did not possess the infrastructure to obtain the required mechanical licenses and Spotify knew it lacked these licenses.

22. Accordingly, Spotify made, and continues to make, musical compositions live for streaming and/or limited downloading, including the Works, without identifying composition rights holders and without obtaining the required mechanical license. As the exclusive licensee of the Works, Wixen is entitled to full statutory relief pursuant to the United States Copyright Act.

23. Other publishers, songwriters, and associations have brought claims against Spotify for its massive, systemic copyright infringement. On June 27, 2017, United States District Judge Alison J Nathan, preliminarily approved the Proposed Settlement in the case *Ferrick et al. v. Spotify USA Inc. et al.*, No. 1:16-cv-8412 (AJN) (S.D.N.Y.) (Dkt. 177 (AJN Order)) for approximately $43 million. The intent of the Proposed Settlement is to compensate rights holders for Spotify's infringing actions from December 28, 2012 through June 29, 2017. Unfortunately, the *Ferrick* settlement is still grossly insufficient to compensate songwriters and

publishers for Spotify's actions, as well as procedurally unjust.

24. Spotify has approximately 30 million songs in its catalogue. According to one report, Spotify failed to pay songwriter royalties to a publishing company approximately 21% of the time. *See* Ethan Smith, *Songwriters Lose Out on Royalties*, THE WALL STREET JOURNAL, Oct. 14, 2015. If that figure is used as an estimate for the percentage of Spotify's unlicensed works, then Spotify infringed approximately 6,300,000 compositions (i.e. 21% of 30 million songs), including the Works.

25. Spotify brazenly disregards United States Copyright law and has committed willful, ongoing copyright infringement. Wixen notified Spotify that it had neither obtained a direct or compulsory mechanical license for the use of the Works. For these reasons and the foregoing, Wixen is entitled to the maximum statutory relief.

WHEREFORE, Wixen seeks relief as set forth below.

## FIRST CLAIM FOR RELIEF

### Direct Copyright Infringement in Violation of 17 U.S.C. §§ 106, 501

26. Wixen re-alleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

27. Wixen is the exclusive licensee of the copyrights in the Works.

28. Under Section 106 of the Copyright Act, 17 U.S.C. § 106, Wixen has the exclusive rights, among others, to reproduce and distribute the Works as well as the right to authorize others to exercise any of these rights.

29. Spotify has infringed many of the exclusive rights set forth in 17 U.S.C. § 106. Among other things, Spotify has made unauthorized reproductions and engaged in unauthorized distribution of the copyrighted musical compositions of Wixen's clients, including the Works listed in Exhibit A. Such conduct constitutes infringement of these copyrights pursuant to of 17 U.S.C. §§ 106, *et seq.*

COMPLAINT
-8-
CASE NO.

and 501.

30. Each of the Works is an original work fixed in a tangible medium of expression, and constitutes separate, distinct copyrightable subject matter within the meaning of Section 102 of the Copyright Act. Among other things, each stream of the Works reproduced by Spotify and/or distributed to end-users constitutes a separate and distinct act of infringement, for which Spotify is a direct infringer.

31. Spotify's conduct has at all times been willful, intentional, purposeful, in disregard of and indifferent to the rights of Wixen and those of the artists it represents.

32. As a direct and proximate result of Spotify's willful and infringing conduct, Wixen is entitled to actual damages, including the substantial profits of Spotify, as will be proven at trial, pursuant to 17 U.S.C. § 504(b),

33. In the alternative, pursuant to 17 U.S.C. § 504(c), Wixen is entitled to receive the maximum amount of statutory damages for willful copyright infringement, $150,000 per composition, for each of the approximately 10,784 musical compositions identified in Exhibit A hereto, for a total statutory award of at least $1.6 billion.

34. Wixen is further entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

35. Spotify's acts, including its failure to develop and implement procedures to properly license songs, have caused and will continue to cause irreparable harm and injury to Wixen and the artists it represents, for which they have no adequate remedy at law. Wixen is therefore entitled to an injunction pursuant to 17 U.S.C. § 502 to prevent and restrain Spotify's ongoing copyright infringement, including ordering Spotify to develop and implement procedures to comply with the requirements of Section 115 of the Copyright Act.

## PRAYER FOR RELIEF

WHEREFORE, Wixen prays for relief against Spotify, as follows:

1. An award of damages pursuant to 17 U.S.C. § 504(b), including actual damages, inclusive of the injury to the market value of their copyright in the Works, and the profits of Spotify as will be proven at trial, or, in the alternative, the maximum amount of statutory damages pursuant to 17 U.S.C. § 504(c), namely $150,000 for each Work infringed, for an award of at least $1.6 billion.

2. Injunctive and/or declaratory relief as is necessary to protect the interests of Wixen pursuant to 17 U.S.C. § 502, including requiring Spotify to (a) develop and implement procedures for identifying and properly licensing songs and (b) pay for the services of a third party auditor to identify the owners of songs reproduced and/or distributed by Spotify despite Spotify's failure to first obtain a mechanical license prior to reproducing and/or distributing the Works

3. Attorneys' fees and costs pursuant to 17 U.S.C. § 505 and under other applicable law;

4. Pre- and post-judgment interest to the extent allowable; and

5. Such other and further relief that the Court may deem just and proper.

Dated: December 29, 2017        DONAHUE FITZGERALD LLP


                                By: /S/ Daniel J. Schacht
                                    Daniel J. Schacht
                                    Attorneys for Plaintiff WIXEN MUSIC
                                    PUBLISHING, INC.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff Wixen Music Publishing, Inc., demands a trial by jury of this action.

Dated: December 29, 2017        DONAHUE FITZGERALD LLP

By: /S/ Daniel J. Schacht
Daniel J. Schacht
Attorneys for Plaintiff WIXEN MUSIC PUBLISHING, INC.